FILED
 2005 Sep-19 PM 02:47
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BRADLEY ELLIOTT LOONEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. CV 05-S-1258-M |
| ) | |
| **SHERIFF JAMES HAYES, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on August 9, 2005, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on August 26, 2005.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and it hereby is ADOPTED, and the recommendation is ACCEPTED.

In his original complaint, plaintiff attempted to state two types of constitutional claims, the first being an access to court claim, and the second being a conditions of confinement claim. As to the former, plaintiff simply alleged his "urgently needed" requests to visit the law library at Etowah County Jail were being "ignored." (Doc. no.

1 at 3-4). In his objections (doc. no. 11 at 3), plaintiff contends he is attempting to pursue a "Petition for Writ of Habeas Corpus . . . challenging the unlawful restraint . . ." of his liberty in the Circuit Court of Etowah County, Alabama, and his right "to have a speedy investigation into the cause of his detention. . ." In support of this conclusory claim, plaintiff attaches a Notice of Service of Process generated by the Clerk of Etowah County, Alabama, in a case styled *Bradley Looney v. Sheriff James Hayes*, and numbered CV 2005 000866.60. *Id.* at 2. The Notice is dated July 26, 2005, and reveals that defendant Hayes was served with a copy of a "summons and complaint" on July 12, 2005. *Id.* As further evidence of his pursuit of state habeas relief, plaintiff attaches a slip opinion in the case of "*Ex Parte Bradley Looney* (*In re: State of Alabama v. Bradley Looney*)," numbered CR-04-1964, signed by Judge H.W. "Bucky" McMillan on July 18, 2005, and in which a Petition for Writ of Mandamus is denied. *Id.* at 1. Handwritten by plaintiff on the opinion is the cryptic statement, "Mandamus dismissed !!! Purpose to order Habeas Corpus, be ajudicated [sic]." *Id.*

Plaintiff does not provide any other factual details concerning either the habeas petition or petition for writ of mandamus. While plaintiff has, in his objections, at least alleged he is attempting to pursue a type of legal claim envisioned by *Lewis v. Casey,* 518 U.S. 343 (1996), by pointing to a pending habeas petition in an Alabama state court, he has still failed to set out specific factual allegations to show he is

pursuing non-frivolous claims in the petition. Thus, there is no information to support any contention that plaintiff has( or will) imminently suffer actual injury as a result of his lack of access to the law library. Plaintiff also has not suffered any injury because the Alabama Court of Criminal Appeals declined to hear his petition for writ of mandamus, particularly when his habeas petition, filed just this year, is still actively pending in Etowah County Circuit Court. Further, in his objections, plaintiff cites Alabama statutes and case law, so it is apparent he has been able to obtain access to legal information. (Doc. no. 11, at 3).

With regard to his conditions of confinement claim, plaintiff reveals in his objections that, as a former supply trustee, he knows "the crack in the ceiling" is directly under the Unit 4 showers, and the food trays are being served underneath the crack in the ceiling. Like his original complaint, however, plaintiff has not provided any further factual detail concerning the size of the crack and the amount of water dripping into any food area. Moreover, he does not allege that he or any other inmates have become sickened as a result of the undetermined amount of water purportedly dripping from the shower of Unit 4. Accordingly, the complaint is due to be DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED pursuant to 28 U.S.C. § 1915A(b).

An appropriate order will be entered.

DONE this 19th day of September, 2005.

                                                                     _____
                                                                       United States District Judge